UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 24-23991-CIV-MORENO

DAVID BYRD, PhD,

    Plaintiff,

v.

FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES

    Defendant.
_____|

**FIRST AMENDED COMPLAINT**

COMES NOW, and pursuant to the Order Granting Leave to Amend the Complaint and Order Denying as Moot Defendant's Motion to Dismiss (D.E. 17), Plaintiff, DAVID BYRD, PhD ("DR. BYRD"), and files his First Amended Complaint against Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES (referred to as, "FIU BOT" or "FIU"), for violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981) ("Section 1981"), and alleges as follows:

**JURISDICTION & VENUE**

1. This is an action brought to remedy unlawful employment practices pursuant to Title VII and Section 1981 and this Court has federal question and jurisdiction pursuant to 28 USC §§1331.

2. DR. BYRD is *sui juris* and is a resident of this Court's jurisdiction and is a

resident of Broward County, Florida.

3. DR. BYRD worked for FIU in Miami-Dade County, Florida.

4. Florida International University is a not-for-profit company authorized to do business in the State of Florida and employed Plaintiff in this jurisdiction.

5. Pursuant to Florida Statute Section 1001.72(1), in order for a state university to be sued, the University Board of Trustees must be the named defendant on the complaint.

## FACTUAL ALLEGATIONS

6. DR. BYRD possesses an MBA from the Carnegie Mellon Tepper School of Business and a Doctorate in Ministry from McCormick Theological Seminary.

7. DR. BYRD has years of experience in Nonprofit management, fundraising, Board participation, and Relations.

8. FIU and Florida International Foundation ("FIU Foundation") are joint employers or integrated enterprises, since they have centralized control of labor relations, including their use of the same in-house attorneys, common management, and interrelated operations. FIU and FIU Foundation's operations are highly integrated with respect to their governance, policies, procedures and operations.

9. DR. BYRD worked for FIU as a Director of Constituent Relations and Project Success Director both at FIU and at the FIU Foundation from September 2021, first as a consultant and then as an employee beginning in May of 2022.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

10. DR. BYRD is Black, African-American and non-Hispanic.

11. DR. BYRD was subjected to a hostile work environment and race discrimination by the then-acting then-acting/interim Sr. VP University Advancement and CEO, Pablo Ortiz.

12. When Mr. Ortiz became the interim CEO in approximately June of 2023, Mr. Ortiz made several racist comments which amounted to Hispanic—in particular, Cuban or Cuban-descent employees—being treated more favorably than non-Hispanic and non-Cuban employees.

13. Mr. Ortiz stated: "I want good Cubans who are alumni". (Emphasis added). Mr. Ortiz made these statements on numerous occasions, including in Board Meetings.

14. Not only did Mr. Ortiz's actions and comments constitute race discrimination and preferential treatment of Hispanic/Cuban employees, but the statistical evidence will reveal that to be the case, as well.

15. To that end, Mr. Ortiz made the following changes to align with his discriminatory agenda the then-six-person leadership team: (a) he terminated the two Black/African Americans and non-Hispanic members and (b) moved one Hispanic, Cathy Torres, into a marketing position of which she had little to no experience.

16. In addition to that, Mr. Ortiz moved a Hispanic family friend with little to no experience at the position, Susie Castillo, into the Director of Corporate Relations

3

position.

17. FIU Foundation's Chief Alumni Relations Officer, Sara DuCuennois, hired Mr. Ortiz's daughter, Alexandra Rokaw, to the position of Director Alumni Relations Central.

18. Nevertheless, these two were hired and fit the profile of being "good Cubans" or "good Hispanics."

19. Upon information and belief, the various employees who took over or assumed DR. BYRD's job duties were not Black and were Hispanic.

20. DR. BYRD is neither a "good Cuban" or any "Cuban".

21. From approximately June 2023 until his termination on August 16, 2023, DR. BYRD opposed these comments and the preferential treatment afforded to Hispanic and Cuban employees.

22. DR. BYRD voiced this concern to Mr. Ortiz, regarding his use of the language "good Cuban" at Foundation Board meetings and in various staff meetings and stated it was not inclusive language.

23. By way of example, DR. BYRD made such objections to Mr. Ortiz on June 14, 2023 after their Leadership meeting.

24. DR. BYRD again voiced his concerns to Mr. Ortiz regarding his discriminatory language and preferential treatment on July 24, 2023 in their one-on-one meeting.

25. Thus, within less than three weeks after DR. BYRD opposed the discrimination, Mr. Ortiz made the decision to fire DR. BYRD due to his race, ethnicity and opposition to discrimination.

26. Upon information and belief, FIU BOT had both lawful and discriminatory reasons for treating DR. BYRD adversely on account of his race and ethnicity.

27. DR. BYRD's race and ethnicity was the motivating factors for his termination.

28. DR. BYRD's opposition to discrimination based upon his race and ethnicity was the "but for" reason for FIU BOT's retaliatory discharge of him.

## ATTORNEYS' FEES

29. Plaintiff has retained the undersigned law firm and has agreed to pay reasonable attorneys' fees.

## COUNT I- RACE DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST FIU BOT

30. DR. BYRD repeats and realleges allegations made in paragraph 1 through 29 of this Complaint.

31. DR. BYRD is a member of a protected class, Black, African-American.

32. As described herein, FIU BOT discriminated against DR. BYRD on the basis of his race.

33. As a direct and proximate result of the above-described actions of FIU BOT,

DR. BYRD has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

34. Furthermore, as a direct and proximate result of such actions by FIU BOT, DR. BYRD has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

35. FIU BOT's discrimination motivated by DR. BYRD's race was willful and in an intentional violation of his rights under Title VII.

WHEREFORE, as to Count I, Plaintiff, DR. BYRD, respectfully requests that this Court grant judgment in his favor and against Defendant, Florida International University Board of Trustees, and award damages including but not limited to backpay, frontpay, compensatory damages, attorneys' fees pursuant to 42 USC Section 2000e-5(k), costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

### COUNT II – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST FIU BOT

36. DR. BYRD repeats and realleges allegations made in paragraph 1 through 29 of this Complaint.

37. DR. BYRD is a member of a protected class, American and not Cuban or Cuban descent.

38. As described herein, FIU BOT discriminated against DR. BYRD on the basis of his national origin.

39. As a direct and proximate result of the above-described actions of FIU BOT, DR. BYRD has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

40. Furthermore, as a direct and proximate result of such actions by FIU BOT, DR. BYRD has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

41. FIU BOT's discrimination motivated by DR. BYRD's national origin was willful and in an intentional violation of his rights under Title VII.

WHEREFORE, as to Count II, Plaintiff, DR. BYRD, respectfully requests that this Court grant judgment in his favor and against Defendant, Florida International University Board of Trustees, and award damages including but not limited to backpay, frontpay, compensatory damages, attorneys' fees pursuant to 42 USC Section 2000e-5(k), costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT III - RETALIATION IN VIOLATION OF TITLE VII AGAINST FIU**

42. Plaintiff repeats and realleges allegations made in paragraph 1 through 29 of this Complaint.

43. DR. BYRD was terminated after complaining about the abusive and discriminatory environment, based on his race and national origin.

44. FIU BOT's termination and adverse actions against DR. BYRD were

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370| PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

causally connected to his opposition of discrimination.

45. FIU BOT's retaliation was willful and intentional.

46. DR. BYRD has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

47. Furthermore, as a direct and proximate result of such actions by FIU BOT, DR. BYRD has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits.

WHEREFORE, as to Count III, Plaintiff, DR. BYRD, respectfully requests that this Court grant judgment in his favor and against Defendant, Florida International University Board of Trustees, and award damages including but not limited to backpay, frontpay, compensatory damages, attorneys' fees, costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

### COUNT IV- RACE DISCRIMINATION IN VIOLATION OF SECTION 1981 AGAINST FIU BOT

48. DR. BYRD repeats and realleges allegations made in paragraph 1 through 29 of this Complaint.

49. DR. BYRD is a member of a protected class, Black, African-American.

50. As described herein, FIU BOT discriminated against DR. BYRD on the basis of his race.

51. As a direct and proximate result of the above-described actions of FIU BOT,

8

DR. BYRD has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

52. Furthermore, as a direct and proximate result of such actions by FIU BOT, DR. BYRD has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

53. FIU BOT's discrimination motivated by DR. BYRD's race was willful and in an intentional violation of his rights under Section 1981.

WHEREFORE, as to Count IV, Plaintiff, DR. BYRD, respectfully requests that this Court grant judgment in his favor and against Defendant, Florida International University Board of Trustees, and award damages including but not limited to backpay, frontpay, compensatory damages, attorneys' fees pursuant to 42 USC Section 2000e-5(k) and 42 U.S.C. Section 1988, costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT V - RETALIATION IN VIOLATION OF SECTION 1981 AGAINST FIU**

54. Plaintiff repeats and realleges allegations made in paragraph 1 through 29 of this Complaint.

55. DR. BYRD was terminated after complaining about the abusive and discriminatory environment, based on his race and national origin.

56. FIU BOT's termination and adverse actions against DR. BYRD were causally connected to his opposition of discrimination.

57. FIU BOT's retaliation was willful and intentional.

58. DR. BYRD has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

59. Furthermore, as a direct and proximate result of such actions by FIU BOT, DR. BYRD has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits.

WHEREFORE, as to Count V, Plaintiff, DR. BYRD, respectfully requests that this Court grant judgment in his favor and against Defendant, Florida International University Board of Trustees, and award damages including but not limited to backpay, frontpay, compensatory damages, attorneys' fees pursuant to 42 USC Section 2000e-5(k) and 42 U.S.C. Section 1988, costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

## JURY TRIAL DEMAND

Plaintiff, DAVID BYRD, PHD demands a trial by jury on all issues so triable.

Dated: March 4, 2025

Respectfully submitted,

/s/ Gina Cadogan
GINA M. CADOGAN, Esq.
Fla. Bar No. 177350
LAURIE M. WEINSTEIN
Fla Bar No. 86272
CADOGAN LAW
1200 S. Pine Island Road, Ste. 370
Plantation, FL 33324
Tel: 954.606.5891
Fax: 877.464.7316
Email: gina@cadoganlaw.com

10

Email: laurie@cadoganlaw.com
Email: tyler@cadoganlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of March 2025, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    /s/ *Gina M. Cadogan*
GINA MARIE CADOGAN
Fla Bar No: 177350

## SERVICE LIST
*David Byrd, PhD v. Florida International University and Florida International University Foundation, Inc.*
**United States District Court for the Southern District of Florida**
**Case No.: 1:24-cv-23991-FAM**

Lourdes E. Wydler, Esq.
WYDLER LAW
2600 Douglas Road, PH-4
Coral Gables, FL 33134
Tel: 305-446-5528
Fax: 305-446-0995
lew@wydlerlaw.com
guertty@wydlerlaw.com
*[CM/ECF]*