UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23991-BLOOM/D'Angelo

DAVID BYRD, PhD,

    Plaintiff,

v.

FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Florida International University Board of Trustees' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), ECF No. [22]. Plaintiff David Byrd, PhD filed a Response in Opposition, ("Response"), ECF No. [24], to which Defendant filed a Reply ECF No. [29]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part and denied in part.

### I. BACKGROUND

#### A. Factual Background

As alleged in his First Amended Complaint, Plaintiff David Byrd, PhD ("Dr. Byrd") worked for Defendant Florida International University ("FIU") as a Director of Constituent Relations and Project Success Director from September 2021 as a consultant, and as an employee beginning in May of 2022. ECF No. [18] at ¶ 9. Plaintiff is Black, African American, and non-Hispanic. *Id.* at ¶ 10. Plaintiff alleges that he was subjected to a hostile work environment and race discrimination by the interim Senior Vice President of Advancement and CEO, Pablo Ortiz. *Id.* at

¶ 11. When Ortiz became interim CEO in June 2023, he made several racist comments which amounted to Hispanic – in particular, Cuban or Cuban-descent employees – being treated more favorably than non-Hispanic employees. *Id.* at ¶ 12. For example, Ortiz stated, "I want good Cubans who are alumni," and made these statements on numerous occasions, including in Board Meetings. *Id.* at ¶ 13.

Ortiz made the following changes to align with his discriminatory agenda the then six-person leadership team: (1) he terminated the two Black/African Americans and non-Hispanic members; (2) moved a Hispanic woman, Cathy Torres, who "had little to not experience," into a marketing position; and (3) moved one Hispanic woman who was Ortiz's family friend, Susie Castillo, who had "no experience at the position," into the Director of Corporate Relations position. *Id.* at ¶ 15-16. Further, FIU Foundation's Chief Alumni Relations Officer, Sara DuCuennois, hired Ortiz's daughter, Alexandra Rokaw, to the position of Director Alumni Relations Central. *Id.* at ¶ 17.

On multiple occasions from June 2023 until Dr. Byrd's termination on August 16, 2023, Dr. Byrd opposed Ortiz's comments and the preferential treatment afforded to Hispanic and Cuban employees. *Id.* at ¶ 21-24.

**B. Procedural History**

Dr. Byrd filed his initial complaint on October 16, 2024, to which FIU filed its first motion to dismiss. ECF Nos. [1], [12]. In his response, Dr. Byrd requested leave to amend the complaint. ECF No. [13] at 6-7. The Court granted Dr. Byrd's request and "advised that any further motions made to this Court shall comply with the Federal Rules of Civil Procedure and Rules of this Court." ECF No. [17] at 2. The Amended Complaint asserts five claims: Race Discrimination in Violation of Title VII (Count I); National Origin Discrimination in Violation of Title VII (Count II);

Retaliation in Violation of Title VII (Count III); Race Discrimination in Violation of 42 U.S.C. § 1981 (Count IV); and Retaliation in Violation of 42 U.S.C. § 1981 (Count V).

In the Motion, FIU argues that Dr. Byrd's claims under 42 U.S.C. § 1981 should be dismissed because FIU is entitled to Eleventh Amendment Immunity. ECF No. [22]. Further, FIU seeks to dismiss Dr. Byrd's claims for race and national origin discrimination under Title VII because the Amended Complaint fails to state a claim. *Id.* FIU does not seek to dismiss Dr. Byrd's Title VII retaliation claim. In the Response, Dr. Byrd agrees with FIU's arguments pertaining to his claims under 42 U.S.C. § 1981 and requests leave to amend to include Ortiz as a Defendant to assert claims under 42 U.S.C. § 1983. ECF No. [24]. Further, Dr. Byrd responds the Amended Complaint adequately alleges a *prima facie* case of race and national origin discrimination under Title VII. FIU replies that leave to amend should not be granted because Dr. Byrd fails to comply with the Federal Rules of Civil Procedure and the Local Rules, despite the Court's warning. ECF No. [29]. Further, FIU contends that Dr. Byrd fails to allege any comparator, and thus, fails to state a claim for discrimination under Title VII. *Id.*

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the

3

speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, "[o]n a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) ("We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits.").

### III. DISCUSSION

#### A. Counts I and II: Discrimination on the Basis of Race and National Origin[1]

In the absence of direct evidence of discrimination,[2] the Court applies the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To make out a *prima facie* case of discrimination, a plaintiff must show that: "(1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). On a motion to dismiss, while the plaintiff "need not set forth a prima facie case of discrimination," a complaint must still

---

[1] "[T]he line between discrimination based on ancestry or ethnic characteristics, and discrimination based on place or nation of origin, is not a bright one." *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 614 (1987) (cleaned up). Therefore, "[b]ecause Plaintiff's race discrimination and national origin discrimination claims arise out of the same facts, and because courts have observed that the line between race and national origin is an extremely difficult one to trace, the Court will analyze these claims together." *Carter v. Fla. Auto. Servs. LLC*, No. 8:13-cv-143, 2014 WL 3385048, at *4 n.3 (M.D. Fla. July 10, 2014) (quotation marks and citation omitted).

[2] Plaintiff does not dispute whether he states a claim for direct evidence, and therefore, the argument is waived. *Slugocki v. U.S. By & Through Dep't of Labor, Office of Workers' Comp. Programs, Div. of Fed. Emps. Comp.*, 988 F. Supp. 1443, 1447 (S.D. Fla. 1997) ("[Plaintiff] appears to concede as much when he fails to address this argument anywhere in his Response brief."); *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (finding plaintiff's argument abandoned when he failed to raise it in opposing the defendant's motion to dismiss).

"contain sufficient 'factual matter to support a reasonable inference' that the defendant engaged in unlawful discrimination on the basis of race or national origin." *Beeker v. City of Miami Beach*, Civil Action No. 21-22771-Civ-Scola, 2022 WL 1184766, at *2 (S.D. Fla. Apr. 21, 2022) (quoting *Borenstein v. Williams Island Prop. Owners Ass'n, Inc.*, Case No. 16-25182-CIV-WILLIAMS, 2019 WL 1406466, at *2 (S.D. Fla. Mar. 28, 2019)).

The Parties' dispute centers around the fourth prong. FIU contends that, although the Amended Complaint alleges that Ortiz made several racist comments about preferring Hispanic employees and terminated two Black/African American employees, Dr. Byrd does not allege that those vacant positions were replaced with Hispanic persons. ECF No. [22] at 7-8. Next, FIU argues that Dr. Byrd fails to allege that the "two Black/African Americans and non-Hispanic members" and the two hired "good Hispanics" were similarly situated. *Id.* at 8. Dr. Byrd responds that he need not allege that a Hispanic person replaced him and need only show that similarly situated employees outside of the protected class were treated differently. ECF No. [24] at 4.

Dr. Byrd is correct that the fourth prong can be satisfied where a plaintiff "alleg[es] facts showing that similarly-situated persons outside his protected class were treated more favorably." *Beeker*, 2022 WL 1184766, at *2 (citing *Henderon v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011)); *see also Naraine v. City of Hollywood*, CASE NO. 21-CV-60313-RUIZ/STRAUSS, 2021 WL 2651767, at *4 (S.D. Fla. June 3, 2021) (explaining that the fourth prong requires the plaintiff to show that "he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class" (internal quotation omitted)), *report and recommendation adopted*, *Naraine v. Hollywood*, 2021 WL 2646404 (S.D. Fla. June 28, 2021).

Dr. Byrd proffers the following comparators: Cathy Torres, Susie Castillo, and Alexandra Rokaw. ECF No. [18] at ¶¶ 15-17. Further, Dr. Byrd alleges "[u]pon information and belief, the various employees who took over or assumed [Dr. Byrd's] job duties were not Black and were Hispanic." *Id.* at ¶ 19. As a threshold matter, Torres and Rokaw are not similarly situated because Torres was given a "marketing position," whereas Dr. Byrd was employed in a Director role, and Rokaw was not hired by Ortiz.[3] *Id.* at ¶ 15; *see Beeker*, 2022 WL 1184766, at *2 (concluding that employees of different ranks "cannot plausibly be 'similarly situated' . . . given their differences in responsibilities, pay, and function"). As to Castillo, Dr. Byrd alleges that Ortiz moved Castillo into the Director of Corporate Relations position, Castillo was Hispanic, and Castillo had little to no experience at the position. ECF No. [18] at ¶ 16. Drawing all reasonable inferences in favor of Dr. Byrd, the Court finds that the Amended Complaint contains sufficient allegations that Castillo was "similarly situated" to Dr. Byrd and was treated preferably. Dr. Byrd alleges that Ortiz stated on numerous occasions that he wanted "good Cubans" and "good Hispanics." *See* ECF No. [18] at ¶¶ 13, 18. Dr. Byrd was Black/African-American and non-Hispanic. *Id.* at ¶ 10. However, Dr. Byrd alleges that Castillo, whom Ortiz made Director of Corporate Relations, "fit the profile of being 'good Cuban[]' or good 'Hispanic[].'" *Id.* at ¶ 18.

The Court rejects FIU's contention that Dr. Byrd must specifically allege that a comparator shared "similar levels of experience or education, similar levels of seniority, and/or a similar disciplinary history that was treated more favorably." ECF No. [29] at 4. "Ordinarily, a similarly situated comparator will have engaged in the same basic misconduct as the plaintiff, been under the same supervisor, shared the plaintiff's disciplinary and employment history, and been subject to the same employment policy." *Stimson v. Stryker Sales Corp.*, 835 F. App'x 993, 997 (11th Cir.

---

[3] Nor is it clear that Rokaw was even in the same "six-person leadership team" alleged in the Amended Complaint.

2013); *see Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1218 (11th Cir. 2019) (concluding that a viable comparator must be "similarly situated in all material aspects"); *Connor v. Bell Microproducts-Future Tech, Inc.*, 492 F. App'x 963, 965 (11th Cir. 2012) ("In order to make a valid comparison, the plaintiff must show that he and the comparators are similarly situated in all relevant respects."). However, at this juncture, the "'complaint need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination' on a protected ground." *McManus v. Amerijet Int'l, Inc.*, No. 23-13554, 2024 WL 4003391, at *3 (11th Cir. Aug. 30, 2024) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)) (concluding that district court erred in finding that the plaintiff failed to adequately "allege that she was treated less favorably than a similarly situated individual outside her protected classes" because "even at summary judgment, 'the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case.' . . . So that failure alone cannot support dismissal of the complaint" (quoting *Tynes v. Fla. Dep't of Juvenile Justice*, 88 F.4th 939, 946 (11th Cir. 2023))).

The Amended Complaint allows for the reasonable inference to suggest intentional discrimination on the basis of Dr. Byrd not being Hispanic: Ortiz stated on multiple occasions that he preferred "good Cubans" or "good Hispanics," and made changes to his leadership team that reflected this "discriminatory agenda," i.e., terminating Dr. Byrd and hiring Castillo. ECF No. [18]; *see Naraine*, 2021 WL 2651767, at *6 (finding that the plaintiff adequately alleged a claim for race and sex discrimination where the plaintiff alleged that the defendant's "all-White male interviewing panel filled the open position created by [p]laintiff's termination with less-qualified non-Black male employees").

Further, the Court disagrees with FIU's comparison to *Flemings v. U.S. Sec'y Assocs., Inc.*, CASE NO. 18-24861-CIV-SCOLA/MCALILEY, 2020 WL 1503638, at *7 (S.D. Fla. Mar. 4,

2020). There, the plaintiff alleged only that a "Hispanic male" replaced her and that the defendants treated "Hispanic males" more favorably. 2020 WL 1503638, at *7. The court concluded that the complaint was deficient because the plaintiff failed to plead any facts that would plausibly suggest that the plaintiff and her comparator were "similarly situated in all relevant respects." *Id.* (quoting *Dawson v. Miami-Dade County*, No. 07-20126 CIV., 2008 WL 1924266, at *9 (S.D. Fla. Mar. 11, 2008)). However, here, as Dr. Byrd contends, the Amended Complaint contains more than "generic allegations." *See id.*; ECF No. [24] at 5-6. Indeed, Dr. Byrd alleges that both his termination and Castillo's hiring were part of Ortiz's "discriminatory agenda." ECF No. [18] at ¶¶ 15-16, 18. Dr. Byrd further alleges that "the various employees who took over or assumed [Dr. Byrd's] job duties were not Black and were Hispanic." *Id.* at ¶ 19; *see Joseph v. Bd. of Regents of Univ. Sys. of Ga.*, CIVIL ACTION FILE NO. 1:20-cv-502-TCB, 2020 WL 6494202, at *6 (N.D. Ga. May 8, 2020) ("'[I]nformation and belief' allegations may . . . be credited to support claims for which [a plaintiff] has pleaded sufficient facts."). Accordingly, FIU's Motion is denied.

### B. Counts IV and V: Claims Asserted Under 42 U.S.C. § 1981 – Leave to Amend

FIU contends that Counts IV and V should be dismissed because the Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state. ECF No. [22] at 4.[4] In the Response, Dr. Byrd "agrees with [FIU's] argument as to Counts IV and V but seeks to amend to include [] Ortiz as an individual Defendant." ECF No. [24] at 2. FIU argues that, to the extent that Dr. Byrd's Response was intended to serve

---

[4] Defendant is correct that Eleventh Amendment immunity bars Plaintiff's claims under § 1981. *Zainulabeddin v. Univ. of S. Fla. Bd. of Trustees*, 749 F. App'x 776, 786 (11th Cir. 2018) (holding state agencies such as "state university boards of trustees," share in sovereign immunity); *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) ("The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state."); *see Arslan v. Fla. Int'l Univ.*, Case No.: 24-cv-22980-DPG, 2025 WL 346950, at *1-*3 (S.D. Fla. Jan. 30, 2025) (dismissing claims on Eleventh Amendment immunity grounds).

as an alternative request for leave to amend, it should be denied. ECF No. [29] at 3. FIU asserts that Dr. Byrd's request is contrary to Eleventh Circuit precedent and is procedurally improper. *Id.* at 2-3.

The Court agrees. First, the Eleventh Circuit has repeatedly "held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Tsavaris v. Pfizer, Inc.*, Case No. 1:15-cv-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint." (citing *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002))); *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277-78 (11th Cir. 2018) (reaffirming the rule that a request for leave to amend is not properly raised if embedded in a memorandum in opposition to a motion to dismiss).

Further, Dr. Byrd's request is procedurally improper. *See* Fed. R. Civ. P. 7(b); S.D. L.R. 7.1. As noted by FIU, this is Dr. Byrd's second attempt to amend his complaint through a response to a motion to dismiss. ECF Nos. [24], [13]. This Court previously cautioned Dr. Byrd that any future motions "shall comply with the Federal Rules of Civil Procedure and the Rules of this Court." ECF No. [17]. Dr. Byrd had sufficient opportunity to cure this defect and chose not to do so. Moreover, this Court entered a Scheduling Order and advised the parties that the deadline to amend pleadings was June 15, 2025. ECF No. [30]. The Court declines to further delay this case and afford Dr. Byrd "another bite at the apple where he declined 'to follow the well-trodden procedural path toward amendment.'" *Lanier v. City of Miami*, Civil Action No. 23-22510-Civ-Scola, 2024 WL 81385, at *7 (S.D. Fla. Jan. 5, 2024) (quoting *Eiber Radiology, Inc. v. Toshiba*

Case No. 24-cv-23991-BLOOM/D'Angelo

*Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016)). Accordingly, Counts IV and V are dismissed without leave to amend.[5]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion**, ECF No. [22]** is **GRANTED IN PART AND DENIED IN PART**.

    a. The Motion is **DENIED** as to Counts I and II.

    b. Counts IV and V are **DISMISSED WITHOUT PREJUDICE**.

2. Defendant shall file its Answer to the Amended Complaint by **July 28, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 14, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[5] Counts IV and V are dismissed without prejudice and without leave to amend. *Gilbert v. Fla. Dep't of State*, 855 F. App'x 501, 503 ("[B]ecause sovereign immunity applies, the . . . court lack[s] subject matter jurisdiction over the case, and it ha[s] no power to render a judgment on the merits." (citing *Stalley ex rel. U.S. v. Orlando Reg'l Healthare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008))); *Parker-Hall v. Univ. of Fla. Bd. of Trs.*, Case No. 1:21-cv-138-AW-GRJ, 2021 WL 10426246, at *2 (N.D. Fla. Nov. 17, 2021) ("[A] dismissal based on Eleventh Amendment immunity is without prejudice."); *Arslan*, 2025 WL 346950, at *3 (dismissing claims on Eleventh Amendment immunity grounds without prejudice).